UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ADMISE BARTHELEMY,

        Plaintiff,

vs.

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.

_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, ADMISE BARTHELEMY, by and through undersigned counsel, and brings this action against the Defendant, SELECT PORTFOLIO SERVICING, INC. ("SPS"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.41 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, SPS was and is a foreign Corporation, incorporated under the laws of the State of Utah, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee FL 32301.

8. At all times material hereto, Plaintiff was and is a resident of Southern County, Florida, and owns a home, which is Plaintiff's primary residence, in Southern County.

9. At some point in time prior to the violations alleged herein, SPS was hired to service the subject loan.

10. At all times material hereto, SPS, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at **** NW 4th Avenue, Pompano Beach, Florida 33064.

**BACKGROUND AND GENERAL ALLEGATIONS**

11. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by SPS as loan number ******8892 (hereinafter the "Mortgage Loan").

12. On October 23, 2015, Loan Lawyers, LLC, on behalf of Plaintiff, submitted a loss mitigation package ("LMP") to SPS via facsimile.

13. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), SPS was required to provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether SPS determined said application to be complete or incomplete. If SPS deemed the LMP incomplete, SPS was required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information.

14. Thereafter, pursuant to 12 C.F.R. § 1024.41(c), SPS was required to provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, SPS will offer Plaintiff.

15. A "*complete loss mitigation application*" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigations options available to the borrower." 12 C.F.R. § 1024.41(b)(1).

16. On or about June 23, 2015, the CFPB released its summer edition of it "Supervisory Highlights," which, according the CFPB, "report[s] examination findings in the areas of mortgage origination, fair lending, mortgage servicing, deposits, payday lending, and debt collection" (the "Report").  http://www.consumerfinance.gov/reports/supervisory-highlights-summer-2015/  (last

visited July 6, 2015).

17. More than half of the Report's section entitled "loss mitigation" was dedicated to the "acknowledgement notices". The Report then goes on to detail the various violations discovered at various servicing companies. The Report is available for download at http://www.consumerfinance.gov/reports/supervisory-highlights-summer-2015/ (last visited July 6, 2015).

18. Three days later, on October 26, 2015, an order was entered in a pending foreclosure action in Broward County, Florida, bearing case number CACE10034085, reactivating the foreclosure action and setting a foreclosure sale of Plaintiff's property for January 6, 2016.

19. Because of the upcoming sale date, Plaintiff became anxious about his LMP.

20. Nearly two weeks went by and SPS failed to provide a written acknowledgment on the LMP within the mandated timeframe, in violation of 12 C.F.R. § 1024.41(b)(2)(i)(B).

21. As such, on November 10, 2015, Loan Lawyers, LLC sent SPS's counsel a correspondence informing them that SPS had not sent a written acknowledgment of the LMP.

22. A true and correct copy of same is attached hereto as Exhibit "A".

23. Over a month then passed, and Loan Lawyers had not received any information regarding the LMP.

24. Then on December 21, 2015, SPS issued a notice to Loan Lawyers stating that there are "no loss mitigation options for which [Plaintiff was] approved."

25. A true and correct copy of same is attached hereto as Exhibit "B".

26. Upon further review of the notice, SPS denied Plaintiff for all options because "[Plaintiff] did not provide [SPS] with the documents [SPS] requested."

27.     However, Loan Lawyers is not in receipt of any correspondence requesting documents for the LMP.

28.     Plaintiff was in complete shock that she was denied a modification for failure to provide documents, which upon information and belief, were never requested.

29.     SPS is now refusing to reopen the modification file and Plaintiff is faced with a foreclosure sale on January 6, 2016, which could result in her losing her home.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

30.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

31.     Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

32.     Sections 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority

under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

33. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

34. SPS has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(1), in that SPS failed to "exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application." Upon information and belief, SPS never informed Loan Lawyers of any information or documentation necessary to complete the application. Moreover, SPS's counsel received a letter informing SPS that Plaintiff had not received a written acknowledgment to the LMP. SPS never responded to that letter and Plaintiff is unsure if SPS's counsel ever provided said letter to SPS.

35. SPS has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that SPS did not provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether SPS determined said application to be complete or incomplete.

36. As such, SPS has violated 12 U.S.C. § 2605(k)(1)(E).

37. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

38. Plaintiff is entitled to actual damages as a result of Defendant, SPS's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: emotional distress, anxiety, and shock as a result of SPS's failure to comply with its

statutory duties under 12 C.F.R. § 1024.41 in the midst of an impending foreclosure sale scheduled to take place on January 6, 2016; and reasonable attorney's fees and costs incurred as a result of having to correspond with SPS's counsel after SPS failed to comply with its statutory duties under 12 C.F.R. § 1024.41.

39. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of SPS's pattern or practice of noncompliance with Regulation X and RESPA.

40. SPS has also violated Regulation X with respect to numerous loans it services, including but not limited to, the following loans:

> (1) With respect to loan number ******9033, SPS violated 12 C.F.R. § 1024.41(b)(2)(i)(B) by failing to provide written acknowledgment of a loss mitigation package within the required timeframe.
> (2) With respect to loan number ******3594, SPS violated 12 C.F.R. § 1024.41(b)(2)(i)(B) by failing to provide written acknowledgment of a loss mitigation package within the required timeframe.

41. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, ADMISE BARTHELEMY, respectfully asks this Court to enter an order granting judgment for the following:

(a) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(b) Such other relief to which this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, ADMISE BARTHELEMY, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

 /s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:	(954) 523-4357
Facsimile:	(954) 581-2786